UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHANSLER LUCAS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WEXFORD MEDICAL CORP, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:20-CV-358-JD-MGG |

OPINION AND ORDER

Chansler Lucas, a prisoner without a lawyer, filed a complaint seeking monetary damages only against Wexford Health Services, Robert E. Carter, Jr., Warden Galipeau,[1] and Health Services Administrator D. Livers because he is unhappy with how a skin rash has been managed while incarcerated at the Reception Diagnostic Center and Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] Warden Galipeau was sued as Warden Galiepau, but this court adopts the correct spelling of Warden Galipeau's name for purposes of this order.

Here, Lucas alleges that, when he arrived at the Reception Diagnostic Center in May of 2019, he developed tiny red bumps that itched on his thighs and groin. His condition worsened after he transferred to Westville Correctional Facility, and the bumps now cover his entire body, causing constant pain and burning. According to Lucas, he cannot sleep, is not able to sit in a chair, and he has trouble urinating. Lucas reports that he has received some medical care for his condition (he has received numerous medications, creams, and antibiotics), but nothing has helped.

In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008). Here, Lucas has alleged a serious medical condition, but he has not alleged facts from which it can be plausibly inferred that HSA Livers was deliberately indifferent to his medical

2

needs. In fact, he provides no detail whatsoever about his interactions with HAS Livers. Accordingly, the court cannot find that Lucas has stated a claim against HSA Livers.

Lucas has also sued Commissioner Carter and Warden Galipeau, but he does not allege that they treated his medical condition. He alleges only that they were each aware of his condition. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017)(quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). As the Seventh Circuit explained in Burks:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is

3

> entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks*, 555 F.3d at 595. Personal liability requires more than a showing that the defendants knew of his plight. Allegations that the defendant is a supervisor or that the defendant knew of his complaints will not suffice. Thus, Lucas may not proceed against Commissioner Carter or Warden Galipeau.

Lastly, Lucas has sued Wexford of Indiana. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Because Lucas's allegations against Wexford appear to be based only on the poor decisions that its staff made in connection with his care, he cannot proceed against Wexford.

While the complaint does not state a claim, Lucas will be given an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to Chansler Lucus;

(2) GRANTS Chansler Lucus until **June 9, 2020**, to file an amended complaint on that form; and

(3) CAUTIONS Chansler Lucus that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on May 8, 2020

                                                  /s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT